In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-228 CR


____________________



JOHN EARL NOBLE, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 258th District Court


San Jacinto County, Texas


Trial Cause No. 8650






MEMORANDUM OPINION (1)


 After finding John Earl Noble guilty of murder and aggravated assault with a deadly
weapon, the jury assessed his punishment at life confinement on the murder charge and at
twenty years confinement on the aggravated assault charge. See Tex. Pen. Code Ann.
§ 19.02(b)(1) (Vernon 2003), § 22.02 (Vernon Supp. 2005). The jury also assessed fines
totaling $20,000 against Noble. On appeal, Noble contends the trial court erred by
denying his request for an instruction on the lesser-included offense (2)
 of manslaughter. We
will affirm. 

 The events leading up to Lorenzo Matthews's death began the evening before the
day he was shot. Noble, Matthews, and David Lane spent that evening and the ensuing
early morning hours at Matthews's house drinking alcohol and "popping" pills. Noble,
who went to sleep during the "party," allegedly discovered upon awakening that he had
lost $1,100. Noble went to a near-by town to get his guns and at approximately 8 a.m.
returned to Matthews's house. Matthews lived next door to Noble's father. Lane and
Matthews both denied having the missing money or any knowledge of it. 

 Matthews and Noble argued about the missing money, continuing their dispute until
Noble retreated to his father's yard and Matthews walked away. However, after Noble
called Matthews a thief and demanded return of the money, Matthews came back towards
Noble. As Matthews approached, Noble shot him multiple times with a rifle and then fired
shots at Lane, who ran away. After briefly following Lane, Noble returned to Matthews,
who was lying on the ground, and shot him with a shotgun. 

 The medical examiner testified Matthews died from multiple rifle wounds and a
shotgun wound. One of the three rifle wounds and the shotgun wound perforated
Matthews's heart and left lung. On cross-examination, the medical examiner agreed that
Matthews had possibly expired due to his wounds from the rifle, and therefore may have
been dead when Noble subsequently shot him with the shot gun. The examiner further
explained that after Matthews received the wound from the rifle, which lacerated his heart
and lung, he would have lived only a few minutes. 

 In his sole appellate issue, Noble argues that a person charged with murder may
raise a manslaughter issue through testimony that he participated in the action at issue, but
had no intent to commit the murder with which he is charged. Noble was charged with
first degree felony murder. See Tex. Pen.Code Ann. § 19.02(b)(1) (Vernon 2003).
While a person who intentionally and knowingly (3) causes the death of an individual commits
murder, a person who recklessly (4)
 causes the death of an individual commits manslaughter. 
See Tex. Pen. Code Ann. §§ 19.02(b)(1), 19.04 (Vernon 2003). Thus, manslaughter
requires evidence to support a finding that Noble recklessly caused Matthews's death, as
opposed to intentionally and knowingly causing it. Id. 

 To determine if a lesser-included offense instruction is required, we apply a two
prong test. See Wesbrook v. State, 29 S.W.3d 103, 113 (Tex. Crim. App. 2000). First,
"the lesser-included offense must be included within the proof necessary to establish the
offense charged." Id. (citing Rousseau v. State, 855 S.W.2d 666, 672-73 (Tex. Crim.
App.1993)). Second, "some evidence must exist in the record that would permit a jury
to rationally find a defendant guilty only of the lesser included offense." Id. 

 Because manslaughter is a lesser-included offense of murder, the first prong of the
test is satisfied. See Cardenas v. State, 30 S.W.3d 384, 392 (Tex. Crim. App. 2000). In
order to satisfy the second prong of the test, there must be some evidence that would allow
a rational jury to find that if Noble was guilty, he was guilty only of manslaughter. See
Wesbrook, 29 S.W.3d at 114. "The evidence must establish the lesser-included offense
as a valid rational alternative to the charged offense." Id.

 Noble asserts his own testimony shows he did not intend to shoot Matthews. Noble
says his testimony shows he pointed the rifle at Matthews with the intent to stop Matthews
from approaching Noble on his father's property. (5)

 We examine all of the evidence for any that would support a guilty verdict on only
the lesser charge. See Bignall v. State, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994). 
Manslaughter would require a finding that Noble recklessly caused Matthews's death or
was a party to recklessly causing Matthews's death. See Tex. Pen. Code Ann. § 19.04
(Vernon 2003). In determining whether there is evidence to support a charge on
recklessness, a statement that a defendant did not intend to kill the victim "cannot be
plucked out of the record and examined in a vacuum." Godsey v. State, 719 S.W.2d 578,
584 (Tex. Crim. App. 1986). 

 On direct examination, Noble's testimony focused on the necessity of his actions
and his fear of Matthews. (6) Noble testified he was afraid of Matthews, who was angry and
cursing as he started towards Noble. "[I]f I had let [Matthews get] up on me, it was going
to be me or him, and I shot him," Noble said. Contending that firing his weapon was
immediately necessary to protect himself, Noble stated: "I didn't have no other choice. 
That's all I could do." But Noble also testified: " I didn't want [Matthews] to get hurt. 
I didn't want nobody to get hurt. I intended to scare him off, but he -- he didn't get
scared." 

 On cross-examination, Noble again emphasized that he acted out of fear and
necessity. He maintained Matthews saw he had a gun. Noble testified: "I told him don't
come up in the yard . . . . We were real close. . . when I told him what I told him, I didn't
have time to do nothing. . . . I know me and him were too close for me to do anything
besides shoot him." When asked whether he retreated, Noble said: "I don't know what
I did. All I know is I pulled the trigger." And, Noble stated: "The reason I kept shooting
is because I was scared." Explaining his last shot at Matthews, who was lying on the
ground and bleeding, Noble testified: "I was scared. I don't know. I really don't know
how he was. I know he was on the ground." 

 While Noble testified in essence that he only intended to scare Matthews with the
rifle rather than hurt him, we do not consider this statement "in a vacuum." See Godsey,
719 S.W.2d at 584. Noble also testified he intended to shoot Matthews ("it was going to
be me or him, and I shot him"), and presents no testimony showing that he shot Matthews
recklessly rather than intentionally. In striking contrast, Noble maintains that he did not
shoot at Lane but rather was firing into the air to make Lane leave. The record further
shows Noble acted intentionally: he armed himself with a rifle and shotgun; and Noble
deliberately fired several shots, not one, at Matthews before he fell to the ground. 
Moreover, this record reflects that Noble shot Matthews with a rifle, and then changed to
a shotgun and shot Matthews again as he was lying unarmed face-up on the ground. 
Noble's own testimony regarding the sequence of events leading to Matthews's death belies
the inference that the shooting was reckless. 

 Apart from Noble's own testimony that he did not intend to hurt Matthews, there
was no other evidence supporting Noble's assertion that he was reckless. We hold Noble's
testimony does not supply evidence upon which a jury could rationally find Noble's actions
toward Matthews were merely reckless. 

 As Noble failed to satisfy the second prong of the Rousseau test, the trial court did
not err in refusing to give a lesser-included offense instruction on manslaughter. We
overrule Noble's sole issue and affirm the trial court's judgment.

 AFFIRMED.

 ___________________________

 HOLLIS HORTON

 Justice


Submitted on January 26, 2005

Opinion Delivered February 2, 2005

Do Not Publish


Before Gaultney, Kreger and Horton, JJ.
1. Tex. R. App. P. 47.4.
2. The Texas Code of Criminal Procedure defines a "lesser-included offense" as an
offense that (1) is proved by the same or less than all the facts required to prove the
charged offense; (2) differs from the charged offense only in that it involves a "less serious
injury or risk of injury to the same person, property, or public interest"; (3) differs from
the charged offense only in that it requires a less culpable mental state; or (4) consists of
an attempt to commit the charged offense or an otherwise included offense. See Tex.
Code Crim. Proc. Ann. art. 37.09 (Vernon 1981).

3. A person acts intentionally "when it is his conscious objective or desire to engage
in the conduct or cause the result." Tex. Pen. Code Ann. § 6.03(a)(Vernon 2003). A
person acts knowingly or "when he is aware that his conduct is reasonably certain to cause
the result." Id. at § 6.03(b).
4. A person acts recklessly "when he is aware of but consciously disregards a
substantial and unjustifiable risk that the circumstances exist or the result will occur." See
Tex. Pen. Code Ann. § 6.03(c)(Vernon 2003).

5. We note that Noble makes this assertion without providing citations to the record
showing where such testimony is located as required by Rule 38.1(h) of the Texas Rules
of Appellate Procedure. Counsel is cautioned that the Court can hold that the failure to
provide proper record references is a basis to deny relief. Although the Court chooses to
reach the merits of the argument in this appeal despite the absence of record references,
Counsel should not view our decision to review his argument in this case as any indication
that this Court no longer requires adherence to Rule 38.1. The Court encourages Counsel,
in the future, to comply with Rule 38.1 (h). 
6. The trial court charged the jury on self-defense.